No. 25-2814

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

GOLDEN CREEK HOLDINGS, INC.

*Plaintiff-Appellant*,

v.

MTC FINANCIAL, INC., *et al.*,

*Defendants-Appellees*.

On Appeal from the United States District Court
District of Nevada
No. 2:24-CV-00177
Hon. Richard F. Boulware, II

**APPELLANT'S OPENING BRIEF**

        Joseph Y. Hong, Esq.
        Hong & Hong Law Office
        1980 Festival Plaza Dr., Suite 650
        Las Vegas, Nevada 89135
        Tel. (702) 870-1777
        Yosuphonglaw@gmail.com
        *Attorney for Appellant*
        *Golden Creek Holdings, Inc.*

# CORPORATE DISCLOSURE STATEMENT PURSUANT TO FRAP 26.1

The undersigned counsel for Plaintiff/Appellant, GOLDEN CREEK HOLDINGS, INC., makes the following disclosures pursuant to FRAP 26.1.

1. Plaintiff/Appellant, GOLDEN CREEK HOLDINGS, INC., is a privately-held corporation with no publicly held corporation owning 10% or more of its stock.

2. Plaintiff/Appellant, GOLDEN CREEK HOLDINGS, INC.., is represented by Joseph Y. Hong, Esq., of Hong & Hong Law Office.

Date:  July 10, 2025.

                                              HONG & HONG LAW OFFICE


                                              */s/ Joseph Y. Hong*
                                              Joseph Y. Hong, Esq.

                                              Attorney for Appellant
                                              *Golden Creek Holdings, Inc.*

i

## TABLE OF CONTENTS

Page

CORPORATE DISCLOSURE STATEMENT ...................................................... i

TABLE OF AUTHORITIES ............................................................................. iii

INTRODUCTION ............................................................................................... 1

JURISDICTIONAL STATEMENT ..................................................................... 1

ISSUE(S) PRESENTED ...................................................................................... 1

STATEMENT OF THE CASE ............................................................................ 2

STANDARD OF REVIEW .................................................................................. 2

SUMMARY OF THE ARGUMENT ................................................................... 3

ARGUMENT ........................................................................................................ 4

    THE DISTRICT COURT ERRED IN LEGALLY CONCLUDING THAT DESPITE THE PLEADED FACTUAL ALLEGATIONS AND/OR SIUGGESTIONS AS CONTAINED IN GCH'S AMENDED COMPLAINT AND THE RECORD OF THE CASE, GCH"S NRS 106.240 CLAIM FAILED AS A MATTER OF LAW

CONCLUSION .................................................................................................... 9

STATEMENT OF RELATED CASES……………………………………….. 10

CERTIFICATE OF COMPLIANCE…………………………………………... 11

CERTIFICATE OF SERVICE…………………………………………………12

ii

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662, 678 (2009)..................................................................................3

*Clayton v. Gardner*,
  107 Nev. 468, 470, 813 P.2d 997, 999 (1991)………………………….8

*In Re Fitness Holdings Int'l, Inc.*,
  714 F.3d 1141, 1144-45 (9th Cir. 2013)……………………………. 3

*LV Debt Collect LLC v. Bank of N.Y. Mellon*,
  534 P. 3d 693 (Nev. 2023) …………………………………….passim

*Mackensie Family LLC v. JPMorgan Chase Bank*…………………….. 8, 9
  Docket # 85836 (unpolished disposition on December 14, 2023)

*Posner v. U.S. Bank National Association*……………………………. 8, 9
  140 Nev. Adv. Op. 22 (April 4, 2024)

*Romano v. Bible*,
  169 F.3d 1182, 1185 (9th Cir. 1999)………………………………….2

*United States v. Feterl*,
  849 F.2d 354, 357 (8th Cir. 1988)……………………………………8

**Statutes**

28 U.S.C. § 1332(a) ...............................................................................1

NRS 106.240……………………………………………………….passim

NRS 107.080…………………………………………………………….. 6

**Rules**

Fed. R. Civ. P. 12(b)(6)……………………………………………..2, 3

## INTRODUCTION

This appeal arises from the District Court's Order dismissing Plaintiff/Appellant, Golden Creek Holdings, Inc.'s ("GCH"), Amended Complaint, which sets forth facts alleging that Defendant/Appellee, U.S. Bank Trust National Association's ("Usb"), deed of trust was discharged/expunged by operation of NRS 106.240.

## JURISDICTIONAL STATEMENT

GCH filed its Amended Complaint for Quiet Tile and Declaratory Judgment/Relief in the Eighth Judicial District Court in Clark County, Nevada on March 26, 2024 (1-ER-164-174). Diversity jurisdiction exists because this action is between citizens of different states. Furthermore, the Subject Property, exclusive of interest and costs, has a presumed value in excess of $75,000.00. 28 U.S.C. § 1332(a).

## ISSUE(S) PRESENTED

Whether the District Court's Order granting the Motion to Dismiss the Amended Complaint should be reversed because the District Court erroneously deviated from the legal standard to dismiss.

1

## STATEMENT OF THE CASE

The following facts are based on the information that is recorded in the public record and are facts that both parties have argued existed at the time of the filing of Usb's Motion to Dismiss in District Court, case No. 2:24-CV-00177.

The underlying litigation involves the real property located at 343 Perry Ellis Drive in Henderson, Nevada (the "Subject Property") owned by GCH. On March 26, 2024, GCH filed its Amended Complaint for Quiet Title and Declaratory Judgment/Relief seeking a judicial declaration that it owned the Subject Property free and clear of the deed of trust based on its claim under NRS 106.240 (1-ER-164-174).

On July 3, 2024, Usb filed its Motion to Dismiss (1-ER-082-100), to which the GCH filed its Response (1-ER- 018-034) on July 17, 2024. Usb filed its Reply in Support of its Motion to Dismiss (1-ER-012-017) on August 30, 2024. On March 30, 2025, the Order granting the Motion to Dismiss the Amended Complaint was entered by the District Court in favor of Usb and against GCH (1-ER-005-011). GCH filed its Notice of Appeal on April 29, 2025 (1-ER-175-176).

## STANDARD OF REVIEW

This Court reviews an order granting a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim *de novo*, applying the same standard as that applied by the district court. *Romano v. Bible*, 169 F.3d 1182, 1185 (9th

2

Cir. 1999). To avoid dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In considering a Rule 12(b)(6) motion, "all well-pleaded allegations of material fact in the complaint are accepted as true and are construed in the light most favorable to the non-moving party." *In Re Fitness Holdings Int'l, Inc.*, 714 F.3d 1141, 1144-45 (9th Cir. 2013) (citations omitted).

## SUMMARY OF THE ARGUMENT

GCH submits that the District Court erred in granting Usb's Motion to Dismiss despite the pleaded factual allegations and/or suggestions as contained in GCH's Amended Complaint and the record of the case as to Usb's deed of trust having been discharged/expunged by operation of NRS 106.240. The District Court legally concluded that GCH's NRS 106.240 claim failed as a matter of law because "[t]he debt can only be accelerated through the recording of a notice of default and Plaintiff does not allege that there was a recorded notice at any time before August 24, 2023 when the Notice of Breach was recorded." (1-ER-009-010). This legal conclusion, however, is contrary to the Nevada Supreme Court's holding in *LV Debt Collect LLC v. Bank of N.Y. Mellon*, 534 P. 3d 693 (Nev. 2023).

3

# ARGUMENT

**THE DISTRICT COURT ERRED IN LEGALLY CONCLUDING THAT DESPITE THE PLEADED FACTUAL ALLEGATIONS AND/OR SIUGGESTIONS AS CONTAINED IN GCH'S AMENDED COMPLAINT AND THE RECORD OF THE CASE, GCH'S NRS 106.240 CLAIM FAILED AS A MATTER OF LAW**

GCH presented factual allegations and/or suggestions that the underlying debt became wholly due in or about March 2011 by way of a written notice of intent to accelerate that was sent to the original borrower pursuant to the express terms of the recorded deed of trust (1-ER-167). The Nevada Supreme Court expressly held that the recording of a notice of default does not and cannot accelerate the underlying debt to trigger the 10-year time period under NRS 106.240. Rather, under a plain reading of NRS 106.240, the underlying debt becomes wholly due only according to two sources: '(1) the 'terms thereof,' referring to the mortgage or deed of trust, or (2) 'any recorded written extensions thereof.' *LV Debt Collect, LLC v. Bank of N.Y. Mellon* . 534 P.3d 693, 697 (Nev. 2023).

GCH, therefore, submits that the District Court erred in legally concluding that the NRS 106.240 claim failed as a matter of law because "[t]he debt can only be accelerated through the recording of a notice of default and Plaintiff does not allege that there was a recorded notice at any time before August 24, 2023 when the Notice of Breach was recorded." (1-ER-009-010).

4

GCH made factual allegations and/or suggestions that the underlying debt became wholly due in or about March 2011 pursuant to the express terms of the recorded deed of trust, specifically, section 22 of the recorded deed of trust. (1-ER-167). Section 22 of the recorded deed of trust is titled **"Acceleration. Remedies"** and is the only section in the deed of trust that is in **bold**. Section 22 expressly and unequivocally sets forth 2 portions: the first portion absolutely mandates that the lender can only *accelerate* the loan by way of providing the borrower a written notice that specifies:

> "(a) the default; (b) the action required to cure the default; (c) a date, ***not less than 30 days*** from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice *may result in acceleration*. The notice shall further inform Borrower of the right to reinstate *after acceleration* and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to *acceleration* and sale. If the default is not cured on or before the date specified in the notice, Lender at its option, ***and without further demand***, may *invoke the power of sale*, including the right to ***accelerate full payment of the Note***, and any other remedies permitted by Applicable Laws." Emphasis added (1-ER-114).

The second portion of section 22 states: "If Lender invokes the power of sale, Lender shall exercise or cause Trustee to execute a written notice of occurrence of an event of default and of Lender's election to cause the Property to be sold and shall cause such notice to be recorded in each county in which any part of the Property is located." (1-ER-114). This second portion expressly references and describes the recording of a notice of default and election to sell.

5

Thus, pursuant to the express and unequivocal language of section 22 of the deed of trust, *prior to* the lender invoking the power of sale by way of recording a notice of default and election to sell, the underlying debt must be ***accelerated***.

This coincides with and is consistent with this Nevada Supreme Court's holding in *LV Debt Collect, LLC v. Bank of New York Mellon*, 534 P.3d 693 (Nev. 2023) as to how a *recording* of a notice of default does not and cannot accelerate the underlying loan. GCH submits that the underlying debt had to have been accelerated prior to commencement of nonjudicial foreclosure proceedings pursuant to NRS 107.080, which begins with the recording of a notice of default. That is, by the very nature of a foreclosure on a deed of trust, a lender is foreclosing on the entire debt of the underlying loan, which a deed of trust secures, and not only on the past due installment amounts since a lender cannot continue to foreclose on a deed of trust for every past due installment amount in the future. Once a deed of trust is foreclosed upon, it is satisfied and discharged.

In the present case, Usb and/or its predecessor, as the lender, invoked the power of sale pursuant to the express terms of the deed of trust, section 22, when it recorded the notice of breach and default and of election to cause sell of real property under deed of trust on August 24, 2023 *after* having accelerated the underlying debt pursuant to the express terms of the deed of trust, section 22.

6

The Nevada Supreme Court in *LV Debt* confirmed that NRS 106.240 plainly states that the debt "becomes wholly due" only "according to" either of two things: (1) the "terms" of the recorded deed of trust or (2) any recorded extensions thereof. This confirmation coincides with the plain language of NRS 106.240 since a debt can become "wholly due" by way of an acceleration ***prior to*** the maturity date pursuant to the terms of a deed of trust or a debt can become "wholly due" ***beyond*** the maturity date by way of a recorded extension. Thus, NRS 106.240 provides for a *shortened time period* than the maturity date for a debt to become "wholly due" and a *longer time period* than the maturity date for a debt to become "wholly due." That is why the words "maturity date" are not contained in NRS 106.240. If the Nevada Legislature intended that only the maturity date of a deed of trust can only make the debt "wholly due," the Legislature would have stated so in lieu of "wholly due" pursuant to the "terms of the deed of trust." It is also significant to note that "terms" is used in the plural and not a singular term i.e. maturity date.

Thus, the NRS 106.240 claim turns on when the acceleration to make the debt "wholly due" under NRS 106.240 occurred pursuant to the terms of the deed of trust, in this case section 22. This is why the Nevada Supreme Court in *LV Debt* addressed "acceleration" and how a *recorded* notice of default does not "accelerate" the debt to make it "wholly due" under NRS 106.240. If *only* the

7

"maturity date" of a deed of trust can make the debt "wholly due" under NRS 106.240, GCH submits that the Nevada Supreme Court would have simply held so in *LV Debt* and would not have addressed "acceleration" and confirming its recognition that "acceleration of a debt must 'be exercised in a manner so clear and unequivocal that it leaves no doubt as to the lender's intention.'" *Clayton v. Gardner*, 107 Nev. 468, 470, 813 P.2d 997, 999 (1991)(quoting *United States v. Feterl*, 849 F.2d 354, 357 (8th Cir. 1988). Even after *LV Debt*, the Nevada Supreme Court again addressed acceleration on December 14, 2023 when it issued an unpublished order in *Mackensie Family LLC v. JPMorgan Chase Bank*, docket # 85836 ("*Mackensie*"), in again confirming *LV Debt* as to the recording of a notice of default does not accelerate an underlying debt to trigger the 10-year clock under NRS 106.240. Then, on April 4, 2024, the Nevada Supreme Court published its decision in *Posner v. U.S. Bank National Association*, 140 Nev. Adv. Op. 22 ("*Posner*") wherein the Nevada Supreme Court further clarified its decision in *LV Debt* by holding that instituting a judicial foreclosure ---by way of a complaint for judicial foreclosure--- does not accelerate an underlying debt to trigger the 10-year clock under NRS 106.240. The Nevada Supreme Court did not hold that only the "maturity date" makes a loan wholly due to trigger the 10-year clock under NRS 106.240. GCH submits that if "maturity date" can only make a loan wholly due to trigger the 10-year clock under NRS 106.240, the Nevada

8

Supreme Court would have simply held so in *LV Debt* and/or *Mackensie* and/or *Posner*.

GCH, therefore, presented factual allegations and/or suggestions that the underlying debt became wholly due under NRS 106.240 pursuant to the terms of the recorded deed of trust, section 22, to trigger the 10-year clock under NRS 106.240.

## CONCLUSION

For the foregoing reasons, the District Court's order dismissing GCH' Amended Complaint based on the NRS 106.240 claim should be reversed and the case remanded for further proceedings.

Date: July 10, 2025

                                    HONG & HONG LAW OFFICE

                                    */s/ Joseph Y. Hong*
                                    Joseph Y. Hong, Esq.

                                    *Attorney for Appellant*

9

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6. To the best of the knowledge of counsel for Appellant, Golden Creek Holdings, Inc., there are no additional cases related to this case that are pending before this Court.

DATED this 10th day of July, 2025.

                                                                            */s/ Joseph Y. Hong*
Joseph Y. Hong, Esq.
Nevada Bar No. 5995
HONG & HONG LAW OFFICE
1980 Festival Plaza Dr., Ste. 650
Las Vegas, Nevada 89135
Tel. (702) 870-1777
Facsimile (702) 870-0500

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains <u>2,688</u> words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionately spaced typeface using Microsoft Word, Times New Roman 14-point font.

Date:  July 10, 2025.

HONG & HONG LAW OFFICE

<u>/s/ Joseph Y. Hong</u>
Joseph Y. Hong, Esq.

Attorney for Appellant
*Golden Creek Holdings, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 10$^h$ day of July, 2025, and pursuant to FRAP 25, I served a true and correct copy of the foregoing APPELLANT'S OPENING BRIEF via this Court's electronic filing system to the following:

Wolfe & Wyman LLP
David T. Blake, Esq.
6757 Spencer Street
Las Vegas, NV 89119

                                              HONG & HONG LAW OFFICE

                                              */s/ Joseph Y. Hong*
                                              Joseph Y. Hong, Esq.
                                              *Attorney for Appellant*