# No. 25-2814

## IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

GOLDEN CREEK HOLDINGS, INC.,

*Plaintiff-Appellant*,

v.

MTC FINANCIAL, INC., *et. al.*

*Defendant-Appellee*

On Appeal from the United States District Court
for the District of Nevada
No. 2:24-CV-00177
Hon. Richard F. Boulware, II

## APPELLEE'S ANSWERING BRIEF

Edgar C. Smith, Esq
STEELE, LLP
3571 Red Rock Street
Las Vegas, NV 89103
(702) 505-4291
esmith@steelellp.com
*Attorneys for Defendant-Appellee*
Counsel for MTC Financial, Inc.

# CORPORATE DISCLOSURE STATEMENT

[FRAP 26.1]

The undersigned counsel for Defendant-Appellee, MTC FINANCIAL, INC., makes the following disclosures:

1. Defendant-Appellee, MTC FINANCIAL, INC., is a privately held corporation with no publicly held corporation owning 10% or more of its stock.

2. Defendant-Appellee, MTC FINANCIAL, INC., is represented by Edgar C. Smith, Esq., of STEELE, LLP.

Date: Wednesday, September 10, 2025

STEELE, LLP

*/s/ Edgar C. Smith*
Edgar C. Smith, Esq.
*Attorney for Defendant-Appellee MTC FINANCIAL, INC.*

## TABLE OF CONTENTS

                                                                   **Page**

CORPORATE DISCLOSURE STATEMENT ........................................................... i

TABLE OF AUTHORITIES ................................................................................. iiiii

INTRODUCTION ....................................................................................................1

ISSUE PRESENTED ...............................................................................................2

STATEMENT OF THE CASE .................................................................................2

STANDARD OF REVIEW ......................................................................................3

SUMMARY OF THE ARGUMENT .......................................................................3

ARGUMENT ............................................................................................................4

        THE DISTRICT COURT DID NOT ERR IN DISMISSING GOLDEN CREEK HOLDING, INC.'s AMENDED COMPLAINT

CONCLUSION ........................................................................................................5

STATEMENT OF RELATED CASES

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF SERVICE

**TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Daisy Tr. v. Fed. Nat'l Mortg. Ass'n*,
   No. 21-15595, 2022 WL 874634 (9th Cir. Mar. 24, 2022)...................4

*Golden Creek Holdings, Inc. v. Nationstar Mortg., LLC*,
   489 P.3d 918 (Nev. 2021) ........................................................................4

**Statutes**

NRS 106.240.................................................................................................4, 5

NRS 107.028......................................................................................................5

**Rules**

Fed. R. Civ. P. 12(b)(6) ..................................................................................3

## INTRODUCTION

This appeal arises from Plaintiff-Appellant GOLDEN CREEK HOLDINGS, INC.'s ("Golden Creek") unsuccessful effort in the trial court to overturn a residential foreclosure sale. Appellant filed its Complaint in the Eighth Judicial District Court in Clark County, Nevada, as case number A-23-883519-C. Defendant-Appellee "U.S. Bank Trust National Association not in its Individual Capacity but Solely as Owner Trustee for RCF2 Acquisition Trust" ("US Bank") was the trust deed beneficiary and timely removed the case to the United States District Court, case number 2:24-cv-00177-RFB-NJK. Motions to dismiss were filed by both US Bank and Defendant-Appellee MTC Financial, Inc. dba Trustee Corps ("MTC"). Appellee MTC, the foreclosure sale trustee, joined in the Motion.[1] The trial court, Hon. Richard F. Boulware II presiding, entered an Order dismissing the Plaintiff's complaint. Golden Creek seeks to reverse the District Court's Order Dismissing its Amended Complaint.

---

[1] Appellant failed to designate in the record the Appellee MTC's Motion to Dismiss, but it mirrored the same arguments as the foreclosing lender U.S. Bank presented.

## ISSUE PRESENTED

Whether good cause exists to overturn the District Court's Order based upon the Appellant's sparse presentation of reasoned argument and facts that point to judicial error in its Opening Brief.

## STATEMENT OF THE CASE

The underlying litigation involves Appellant's attempt to foil a non-judicial foreclosure of a deed of trust encumbering title to real property commonly known as 343 Perry Ellis Drive, Henderson, NV, APN: 178-09-611-003 (the "Property"). Appellant was not the borrower and not the trustor under the deed of trust. Bobby Stiles, the borrower, defaulted on the loan and on August 24, 2023 the sale trustee, MTC Financial, Inc., appellee herein, recorded the Notice of Breach. (*Appellant's Brief,* p.3)

Appellant contends that the loan to Bobby Stiles was accelerated, and therefore the debt came fully due before commencement of foreclosure, so that Appellant is entitled to a decree of quiet title, declaring the subject deed of trust to be unenforceable by expiration of the limitations period.

Appellee is neither the beneficiary, nor the owner of any interest in the Property. Appellee acted only as sale trustee. It is not alleged to have any right, title or interest in the Property, and is neither a necessary nor proper party to this action.

Appellee further joins in the Statement of the Case in the Respondent's Brief filed by Appellee U.S. Bank National Trust Association.

## STANDARD OF REVIEW

The court reviews *de novo* a dismissal under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. The Appellee believes the parties agree on the Standard of Review, as further expressed in the Respondent's Brief filed by Appellee U.S. Bank National Trust Association.

## SUMMARY OF ARGUMENT

The trial court's decision is sound. There is no factual basis and no competent evidence offered by Appellant to the trial court showing that the debt was accelerated at any time before the recordation of the Notice of Breach. Appellant holds title to the Property subject to the deed of trust, and the Appellee U.S. Bank is entitled to proceed with foreclosure. But if not, this Appellee is not a proper party to the action and is not a necessary party to the action because it is not alleged to have any right, title or interest in and to the Property, so that the final decision on the enforceability of the deed of trust has no bearing or impact on Appellee MTC.

Appellee MTC otherwise joins in the Summary of the Argument as presented by Appellee U.S. Bank.

## ARGUMENT

The District Court properly dismissed all claims brought by Golden Creek Holdings, Inc. because the Amended Complaint failed to state any actionable claim under Nevada law, including NRS 106.240. The Trial Court correctly found that the Appellant's legal theories regarding both the promissory note and acceleration of the debt were so flawed that Appellant utterly failed to satisfy the pleading standard that the claims were plausible.

The District Court correctly rejected Plaintiff's argument and reasoning concerning application of NRS 106.240. The Order emphasizes that a notice of intent to accelerate sent in 2011 was insufficient to trigger the statute. As cited in *Daisy Tr. v. Fed. Nat'l Mortg. Ass'n*, No. 21-15595, 2022 WL 874634 (9th Cir. Mar. 24, 2022) and *Golden Creek Holdings, Inc. v. Nationstar Mortg., LLC*, 489 P.3d 918 (Nev. 2021) only a recorded notice of default or other recorded, unequivocal acceleration can make a debt "wholly due" for purposes of NRS 106.240. Because there was no allegation or proof of any recorded acceleration

4

prior to the Notice of Breach recorded on August 24, 2023, Plaintiff's claim of lien discharge under NRS 106.240 failed as a matter of law.

The Court further found that Plaintiff's remaining claims against MTC Financial for wrongful foreclosure, injunctive relief, and violation of NRS 107.028 all failed. The wrongful foreclosure was not ripe, injunctive relief is a remedy (not a cause of action), and any alleged violation of NRS 107.028 was derivative of claims already rejected. The Order thus properly dismissed all claims with prejudice, denied leave to amend, and directed expungement of the lis pendens as the litigation no longer affected the property's title.

Appellee MTC otherwise joins in the Argument set forth by U.S. Bank in their Respondent's Brief.

## CONCLUSION

The record supports that the dismissal was legally sound and entirely consistent with Nevada precedent and statutory requirements. The District Court's Order should be affirmed in full.

Date: September 10, 2025

                                  STEELE, LLP

                                  */s/ Edgar C. Smith*
                                  Edgar C. Smith, Esq.
                                  *Attorney for Defendant-Appellee MTC FINANCIAL, INC.*

5

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

**Form 17. Statement of Related Cases Pursuant to Circuit Rule 28-2.6**

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form17instructions.pdf

**9th Cir. Case Number(s)** _____

The undersigned attorney or self-represented party states the following:

[X] I am unaware of any related cases currently pending in this court.

[ ] I am unaware of any related cases currently pending in this court other than the case(s) identified in the initial brief(s) filed by the other party or parties.

[ ] I am aware of one or more related cases currently pending in this court. The case number and name of each related case and its relationship to this case are:

**Signature** _/s/ Edgar C. Smith_____ **Date** __September 10, 2025__
*(use "s/[typed name]" to sign electronically filed documents)*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 8. Certificate of Compliance for Briefs

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form08instructions.pdf

**9th Cir. Case Number(s)** _____

I am the attorney or self-represented party.

**This brief contains 1134 words,** including 0 words manually counted in any visual images, and excluding the items exempted by FRAP 32(f). The brief's type size and typeface comply with FRAP 32(a)(5) and (6).

I certify that this brief *(select only one)*:

[X] complies with the word limit of Cir. R. 32-1.

[ ] is a **cross-appeal** brief and complies with the word limit of Cir. R. 28.1-1.

[ ] is an **amicus** brief and complies with the word limit of FRAP 29(a)(5), Cir. R. 29-2(c)(2), or Cir. R. 29-2(c)(3).

[ ] is for a **death penalty** case and complies with the word limit of Cir. R. 32-4.

[ ] complies with the longer length limit permitted by Cir. R. 32-2(b) because *(select only one)*:
- [ ] it is a joint brief submitted by separately represented parties.
- [ ] a party or parties are filing a single brief in response to multiple briefs.
- [ ] a party or parties are filing a single brief in response to a longer joint brief.

[ ] complies with the length limit designated by court order dated _____.

[ ] is accompanied by a motion to file a longer brief pursuant to Cir. R. 32-2(a).

**Signature** \_\_/s/ Edgar C. Smith_____ **Date** \_\_September 10, 2025\_
*(use "s/[typed name]" to sign electronically-filed documents)*

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

## Form 15. Certificate of Service for Electronic Filing

*Instructions for this form:* http://www.ca9.uscourts.gov/forms/form15instructions.pdf

**9th Cir. Case Number(s):** 25-2814

I hereby certify that I electronically filed the foregoing/attached document(s) on this date with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit using the Appellate Electronic Filing system.

**Service on Case Participants Who Are Registered for Electronic Filing:**
[ ] I certify that I served the foregoing/attached document(s) via email to all registered case participants on this date because it is a sealed filing or is submitted as an original petition or other original proceeding and therefore cannot be served via the Appellate Electronic Filing system.

**Service on Case Participants Who Are NOT Registered for Electronic Filing:**
[ ] I certify that I served the foregoing/attached document(s) on this date by hand delivery, mail, third party commercial carrier for delivery within 3 calendar days, or, having obtained prior consent, by email to the following unregistered case participants *(list each name and mailing/email address)*:

**Description of Document(s)** *(required for all documents)*:

APPELLEE'S ANSWERING BRIEF

**Signature** _/s/ Mathew Kane_____ **Date:** September 10, 2025

*Feedback or questions about this form? Email us at forms@ca9.uscourts.gov*

Form 15                                                                                       Rev. 12/01/18